JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200 Facsimile: (510) 839-3882

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

R.N., a minor, by and through her Guardian Ad Litem Peneuila Nuu, individually and as Successor-in-Interest to Decedent MATAUTU NUU; PENEUILA NUU; MATAUAO NUU; KIRISIMASI NUU; K.O., a minor, by and through her guardian ad litem, DANIEL OJEDA;

Plaintiffs,

vs.

CITY OF STOCKTON, a municipal corporation; ERIC JONES, individually and in his official capacity as Chief of Police for the CITY OF STOCKTON; JOHN GRIFFIN, individually and in his official capacity as a police officer for the CITY OF STOCKTON; JASON SCHAFFER, individually and in his official capacity as a police officer for the CITY OF STOCKTON; and, Stockton police officers DOES 1-25, inclusive,

Defendants.

Case No.

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS.**
**JURY TRIAL DEMANDED**

## INTRODUCTION

Thirty five year old decedent MATAUTU NUU was shot and killed on January 28, 2015 by Stockton Police Officers JOHN GRIFFIN and JASON SCHAFFER when they responded to an

obviously-impaired, obviously intoxicated MATAUTU NUU who was waving a hammer and yelling but was not an actual threat to anyone and unable to follow police commands.

Defendants JOHN GRIFFIN and JASON SCHAFFER, both recently hired as police officers by the CITY OF STOCKTON Police Department in 2013 and several other officers deployed a police dog at Decedent and then rushed him, violating universally-accepted police standards and training in responding to MATAUTU NUU.

Mr. NUU had been standing on a street corner across the street from his family and their residence.

Defendants lined up across the street from him, while another Defendant Officer snuck up behind Decedent with a police dog on a leash. After the police dog was deployed and jumped at Decedent, the other officers ran at Mr. NUU, tased Mr. NUU, and then shot Mr. NUU.

Defendant CITY OF STOCKTON subsequently claimed that Decedent was shot in part because he threatened the police dog after it attacked him, and the police dog handler ran to pull the dog away from Mr. NUU.

Mr. NUU was vastly outnumbered by police officers armed with guns, tasers, and a police dog, among other weapons. At most, Mr. NUU possessed an ordinary hammer used to hammer or remove nails. He never threw it at police, and he was no threat to anyone as long as Defendants followed their training.

Instead, Defendants violated their training by deploying their police dog, then using the dog as an excuse to charge at Mr. NUU, and then shooting Mr. NUU. Notably, out of all the officers at the scene, only these two Defendant Officers, each with less than 2 years experience on the police force, fired their guns. The Defendants caused this confrontation to escalate, then unconscionably and without any legitimate justification, fired their way out of it. Defendants GRIFFIN and SCHAFFER are responsible for Mr. NUU's death.

## JURISDICTION

1. This action arises under Title 42 of the United States Code, Sections 1983 and 12132. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and

1343. The unlawful acts and practices alleged herein occurred in the City of Stockton, California, which is within this judicial district.

**PARTIES**

2. Minor Plaintiff herein, R.N., is and was at all times herein mentioned a minor and a legal resident of the United States residing in San Joaquin County in California. Minor Plaintiff R.N. is the daughter and only child of Decedent MATAUTU NUU. Minor Plaintiff R.N. is also the successor-in-interest to Decedent MATAUTU NUU. She is represented in this action by her grandmother and Guardian Ad Litem, PENEUILA NUU.

3. Plaintiff herein, PENEUILA NUU, is and was at all times herein mentioned a legal resident of the United States residing in San Joaquin County in California. Plaintiff PENEUILA NUU is the mother of Decedent MATAUTU NUU, and is the grandmother and Guardian Ad Litem of Minor Plaintiff R.N.

4. Plaintiff MATAUAO NUU, is and was at all times mentioned herein a legal resident of the United States residing in San Joaquin County. He is the younger brother of Decedent MATAUTU NUU.

5. Plaintiff KIRISIMASI NUU, is and at all times mentioned herein was a legal resident of the United States residing in San Joaquin County. She is the sister of Decedent MATAUTU NUU.

6. Minor Plaintiff herein, K.O., is and at all times mentioned herein was a minor and a legal resident of the United States residing in San Joaquin County in California. Minor Plaintiff K.O. is the niece of Decedent MATAUTU NUU. She is represented in this action by hear father and Guardian Ad Litem, DANIEL OJEDA.

7. Defendant CITY OF STOCKTON ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. The CITY operates under its authority the STOCKTON POLICE DEPARTMENT.

8. Defendant ERIC JONES ("JONES") is employed by Defendant CITY as Chief of Police. He is being sued in his individual and official capacities as Chief of Police for the CITY.

9. Defendant JOHN GRIFFIN ("GRIFFIN") is employed by Defendant CITY as a police officer. He is being sued in his individual and official capacity as a police officer for the CITY OF STOCKTON.

10. Defendant JASON SCHAFFER ("SCHAFFER") is employed by Defendant CITY as a police officer. He is being sued in his individual and official capacity as a police officer for the CITY OF STOCKTON.

11. At all times mentioned herein, defendant officers DOES 1-50, inclusive, were employed by Defendant CITY as police officers. They are being sued individually and in their capacities as police officers.

12. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend the complaint to state the names and capacities of DOES 1 through 50, inclusive, when they have been ascertained.

13. In engaging in the conduct described herein, Defendant Police Officers acted under the color of law and in the course and scope of their employment with the CITY. In engaging in the conduct described herein, Defendant Police Officers exceeded the authority vested in them as police officers under the United States Constitution and as police officers employed by Defendant CITY.

14. Plaintiffs are required to comply with an administrative tort claim requirement under California law. Plaintiffs have complied with all such requirements.

**STATEMENT OF FACTS**

15. On the night of January 27, 2015, shortly before midnight, Decedent MATAUTU NUU's daughter, Minor Plaintiff R.N. called police following a verbal dispute with her father over the family's television. Decedent was obviously intoxicated by alcohol, and, as his daughter was on the phone with 911 dispatch, he grabbed a hammer and used it to break the television. Decedent NUU then walked out of the family house carrying the hammer and yelling. Decedent NUU was 35 years old, and was developmentally-disabled. Decedent's disability caused cognitive impairments

and mental deficiencies. Decedent's family members were home at the family residence and were present during events leading to and including the subject-incident shooting of Decedent. The family members present included his mother, Plaintiff PENEUILA NUU, his brother, Plaintiff MATAUAO NUU, his sister, Plaintiff KIRISIMASI NUU, his niece, Minor Plaintiff K.O., and his daughter, Minor Plaintiff R.N.

16. Minor Plaintiff R.N. stayed on the phone with 911 dispatch after police responded, and reported that her father was yelling statements indicating suicidal intent, including "Shoot me, shoot me," and indicated that Decedent was intoxicated by alcohol. There were no reports that Decedent was armed with anything other than the hammer, or that he had hurt or injured anyone. All the reports to police indicated that Decedent was intoxicated, mentally impaired, and was potentially suicidal. Plaintiffs allege that every officer who responded to Decedent during this subject-incident, including Defendants GRIFFIN and SCHAFFER were on notice of the information related by Minor Plaintiff R.N. to dispatch. Plaintiffs further allege that Defendant Officers had previously responded to Decedent when he was in a similar state of mind. Defendant Officers were aware from previous experience that Decedent's brother, Plaintiff MATAUAO NUU was able to communicate with Decedent and had previously de-escalated Decedent through verbal communication in the presence of STOCKTON police department officers when Decedent was in a similar state of mind. Defendants were on notice that Plaintiff MATAUAO NUU, and Decedent's other family members, the other Plaintiffs, were also present nearby.

17. Decedent was situated on the sidewalk at the corner of North El Dorado Street and Martinique Court, across Martinique Court from Plaintiffs' and Decedent's residence, yelling and carrying his hammer. Several people video-recorded the subject-incident. Decedent was alone at the corner with numerous Defendant CITY OF STOCKTON Police Department Officers, including Defendants SCHAFFER, GRIFFIN, and DOES 1-10 situated across the street on the other side of Martinique Court from Decedent, pointing their guns at Decedent. Decedent yelled, while waving the hammer, that he did not care, and to shoot him. No one was in close proximity to Decedent, and Decedent threatened no one. No one could reasonably believe that Decedent was in a state of mind that he would simply comply with police orders. Plaintiffs allege that each of the Defendant Officers

have been trained to use verbal de-escalation skills in responding to the circumstances that the Defendants in this case were presented with, including the skills in California through POST Learning Domain 37 trained to all police officers which instructs officers in responding to mentally disturbed or ill individuals to:

- Request backup.
- Move slowly.
- When possible, eliminate emergency lights and sirens and disperse any crowd that may have gathered.
- Assume a quiet nonthreatening manner when approaching and conversing with the individual.
- If possible, avoid physical contact if no violence or destructive acts have taken place.
- If possible, explain intended actions before taking action.
- Take time to assess the situation.
- Provide reassurance that officers are there to help.
- Give the person time to calm down.

POST also instructs officers to communicate with the EDP:

- Keep sentences short.
- Talk with the individual in an attempt to determine what is bothering that person.
- Acknowledge the person's feelings.
- Ask if the person is hearing voices and, if so, what they are saying.
- Avoid topics that may agitate the person.
- Allow time for the person to consider questions and be prepared to repeat them.

Additionally, POST trains police officers: "do not threaten the individual with arrest or in any other manner," explaining that "threats may create additional fright, stress, or potential aggression."

18. Instead of following this training, which is mandatory for every police officer in the State of California to demonstrate proficiency in order to become a police officer, Defendants deployed a K-9 police dog, which attacked Decedent. When Decedent used his hammer to try and shoo the dog away from him, Defendants all together ran toward Decedent and discharged one or more tasers against Decedent, causing Decedent to fall to the ground. Defendants SCHAFFER and GRIFFIN then fired numerous shots at Decedent, killing him in front of his family. Decedent never threatened anyone prior to being killed. The shooting occurred shortly after midnight on January 28, 2015.

19. Subsequent to the subject-incident, Defendant CITY OF STOCKTON, through its agents and employees, including Stockton Police Department spokesperson Officer Joe Silva, told reporters: "It got real violent. The man struck the K-9 with the claw hammer and then when the

handler went into rescue his dog that's when the man was getting ready to attack."

20. Plaintiffs allege that police dogs, including K-9's are trained to respond to verbal commands to return to their handler. Plaintiffs further contend that Decedent did little more than try to shoo the dog away with the hammer. **Plaintiffs further contend that there are no circumstances under which the life of a police K-9 dog should be treated as more important by police officers than the life of another human being**.

21. Plaintiffs further contend that every Defendant Officer in this action has been trained that the Fourth Amendment to the United States protects the rights of people against unreasonable seizures.

22. Plaintiffs R.N., PENEUILA NUU, MATAUAO NUU, KIRISIMASI NUU, and K.O. were contemporaneously present and suffered severe emotional distress as a result of the Defendants' conduct.

23. Plaintiffs further allege that the shooting of Decedent was the proximate result of Defendant CITY's failure to reasonably train their police officers in the proper and reasonable use of force and in responding to mentally disabled, ill, and/or impaired people. Plaintiffs further allege that these substantial failures reflect Defendant CITY's policies implicitly ratifying and/or authorizing the use of excessive force and in failing to reasonably respond to mentally disabled, ill, and/or impaired people.

24. Plaintiffs further allege that Defendants were on notice of Decedent's mental disability, whether or not it had been formally diagnosed, and recklessly or intentionally provoked the lethal confrontation with Decedent.

25. Plaintiffs allege that Defendants' conduct as described herein excluded Decedent from participation in, denied Decedent he benefits of Defendant CITY's programs and activities, and/or discriminated against Decedent, thereby proximately causing Decedent's death.

26 Plaintiffs allege that decedent died as a direct consequence of Defendants' use of unreasonable force against him.

27. The killing of decedent MATAUTU NUU described herein was brutal, malicious, and done without just provocation or cause, proximately causing Plaintiffs' injuries and resulting damages.

**DAMAGES**

28. Plaintiffs were physically, mentally, emotionally and financially injured and damaged as a proximate result of Decedent MATAUTU NUU's wrongful death, including, but not limited to, the loss of decedent's familial relationships, comfort, protection, companionship, love, affection, solace, and moral support. In addition to these damages, Plaintiffs are entitled to recover for the reasonable value of funeral and burial expenses and their own lost wages.

29. As a further direct and proximate result of Defendants' conduct, and each of them, Plaintiffs have been deprived of Decedant's financial support.

30. At the time of the subject incident, Plaintiffs R.N., PENEUILA NUU, MATAUAO NUU, KIRISIMASI NUU, and K.O. were contemporaneously present and suffered severe emotional distress as a result of the Defendants' conduct. Defendants' wrongful conduct as described herein proximately caused said Plaintiffs to suffer severe emotional distress.

31. The conduct of defendant officers was malicious, wanton, and oppressive. Plaintiffs are therefore entitled to an award of punitive damages against said Defendant Officers GRIFFIN and SCHAFFER.

32. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of civil rights and violation of the Americans with Disabilities Act.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(R.N, individually and as successor-in-interest to Decedent NUU, and PENEUILA NUU against defendants GRIFFIN, SCHAFFER, and DOES 1-10, inclusive)**

33. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 32 of this Complaint.

34. In doing the acts complained of herein and killing Decedent MATAUTU NUU, Defendants GRIFFIN, SCHAFFER, and DOES 1-10, inclusive, and/or each of them, acted under color of law to deprive Decedent NUU, R.N. and PENEUILA NUU of certain constitutionally protected rights, including, but not limited to:

a. As to Decedent NUU, the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendments to the United States Constitution;

b. As to Plaintiffs R.N. and PENEUILA NUU, the right to be free from interference with familial relationships, as guaranteed by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. section 1983)**
**(Against Defendants CITY, JONES, and DOES 11-50)**

35. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 34 of this Complaint.

36. Plaintiffs are informed and believe and thereon allege that high ranking CITY OF STOCKTON officials, including high ranking police supervisors JONES, and DOES 11 through 50, and/or each of them, knew and/or reasonably should have known about the repeated acts of misconduct by Defendants GRIFFIN, SCHAFFER, DOES 1-10, inclusive, and/or each of them. Plaintiffs further allege that Defendants JONES, DOES 11-50, and/or CITY were aware or should have been aware of numerous prior instances of people dying as a consequence of the use of excessive force, and of police officers' intentional or reckless violations of civil rights of mentally disabled subjects, thereby provoking the shooting of such mentally disabled people.

37. Despite having such notice, Plaintiffs are informed and believes and thereon allege that Defendants CITY, JONES, DOES 11-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers. Plaintiffs further allege that in spite of these defendants' awareness of shootings of mentally disabled subjects provoked by the intentional or reckless violation of such subjects' civil rights, these defendants failed to provide adequate training regarding limitations on the use of excessive force and without provoking shooting in responding to mentally disabled subjects by intentionally or recklessly violating their civil rights.

38. Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendant Officers GRIFFIN, SCHAFFER, and DOES 1-10, inclusive, and/or each of them, JONES, CITY, DOES 11-50, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of the Plaintiffs' rights as alleged herein. Plaintiffs further allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the failure by Defendants JONES, CITY and/or DOES 11-50, inclusive, these defendants encouraged the improper, unreasonable, and excessive use of force by Defendant Officer GRIFFIN, SCHAFFER, and DOES 1-10, inclusive, and/or each of them.

39. Plaintiffs are further informed and believe and thereon allege that Defendant CITY, JONES, and DOES 11-50 have a policy, including, but not limited to, training or practice of permitting police officers to justify the use of deadly force used against people premised on the potential threat to police K-9 units, thereby putting a greater value on the life of a dog over the life another human being. Plaintiffs contend this policy violates the Fourteenth Amendment and causes Fourth Amendment violations.

40. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking officials, including high ranking City of Stockton Department supervisors JONES, DOES 11-50, and each of them resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

41. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(Violation of 42 U.S.C. Section 12132)**
**(Against all Defendants herein)**

42. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 41 of this Complaint.

43. As against Defendant CITY, JONES, and/or DOES 11-50 in his/their capacity as official policy-maker(s) for the CITY OF STOCKTON, Plaintiffs further allege that said defendants failed to train, supervise, and or discipline Defendants GRIFFIN, SCHAFFER, and/or DOES 1-10, in recognizing symptoms of disability under Title II of the Americans With Disabilities Act; from excluding qualified individuals such as Decedent NUU from participation in or denial of benefits of services provided by Defendant CITY, or in otherwise discriminating against such qualified individuals with symptoms of disability recognized under Title II of the Americans with Disabilities Act, resulting in the shooting death of Decedent NUU during the course of the subject-incident and Plaintiffs' resulting damages.

44. The exclusion, denial of benefits, and/or discrimination against Decedent was by reason of Decedent's apparent disability.

45. WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Negligent Infliction of Emotional Distress)**
**(All Plaintiffs individually Against Defendants GRIFFIN, SCHAFFER, and DOES 1-10)**

46. All Plaintiffs, individually, reallege and incorporate by reference herein paragraphs 1 through 45 of this Complaint.

47. The wrongful conduct of Defendants GRIFFIN, SCHAFFER, and DOES 1-10, inclusive, as set forth herein, constitutes negligent conduct done with conscious disregard for the rights of said Plaintiffs. Plaintiffs were contemporaneously present, and suffered foreseeable harm caused by Defendants GRIFFIN, SCHAFFER, and DOES 1-10's violations of civil rights and reckless, intentional and/or negligent misconduct against Decedent NUU, said Plaintiffs' respective son, father, brother, and uncle.

48. As a proximate result of Defendants' conduct, Plaintiffs suffered severe emotional and mental distress, having a traumatic effect on said Plaintiffs' emotional tranquility.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Violation of Civil Code Section 52.1)**
**(Plaintiff R.N. as successor in interest to Decedent NUU against Defendants CITY, GRIFFIN, SCHAFFER, and DOES 1-10)**

49. Minor Plaintiff R.N., as successor in interest to Decedent NUU, realleges and incorporates by reference herein paragraphs 1 through 48 of this Complaint.

50. The conduct of Defendants CITY, GRIFFIN, SCHAFFER, and DOES 1-10, inclusive, as described herein, acting in the course and scope of their employment for Defendant

CITY violated California Civil Code Section 52.1, in that they interfered with decedent's exercise and enjoyment of his civil rights, through use of wrongful and excessive force, and failure to make any proper or reasonable arrest of said Plaintiff's Decedent, all accomplished through force, threats, intimidation, and coercion.

51. As a direct and proximate result of Defendants' violation of Civil Code Section 52.1, Plaintiff suffered violation of constitutional rights, and suffered damages as set forth herein.

52. Since this conduct occurred in the course and scope of their employment, Defendant CITY is therefore liable to Plaintiff pursuant to respondeat superior.

53. Plaintiff is entitled to injunctive relief and an award of her reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, Plaintiff prays for relief, as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**(Negligence – Wrongful Death)**
**(Minor Plaintiff R.N. Against Defendants GRIFFIN, SCHAFFER, and DOES 1-10, inclusive)**

54. Minor Plaintiff R.N., by and through here Guardian Ad Litem PENEUILA NUU, realleges and incorporates by reference herein paragraphs 1 through 53 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

55. At all times herein mentioned, Defendants GRIFFIN, SCHAFFER and DOES 1-10, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force and making of arrests. The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing Plaintiff and Plaintiff's decedent to suffer injuries and damages as set forth

herein. Pursuant to Government Code Section 815.2(a), Defendant CITY is vicariously liable to Plaintiff for injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants GRIFFIN, SCHAFFER, and DOES 1-10.

56. As a proximate result of Defendants' negligent conduct, Plaintiffs and Plaintiffs Decedent suffered severe physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiffs' emotional tranquility, and damages. Plaintiffs are further entitled to recover wrongful death damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**JURY DEMAND**

57. Plaintiffs hereby demand a jury trial in this action.

**PRAYER**

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum of $10,000,000.00;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For injunctive relief, pursuant to California Civil Code Section 52.1, enjoining Defendant CITY OF STOCKTON from authorizing, allowing, or ratifying the practice by any police officers employee of Defendant CITY from using excessive and unreasonable force against persons and from violating the Americans with Disabilities Act;
5. For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;
6. For violation of California Civil Code Section 51.7 pursuant to California Civil Code Section 52(b), punitive damages against Defendant police officers, $25,000.00 for each offense and reasonable attorney's fees;
7. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
8. For cost of suit herein incurred; and

9. For such other and further relief as the Court deems just and proper.

Dated: February 24, 2015

**THE LAW OFFICES OF JOHN L. BURRIS**

John L. Burris, Esq.
Attorney for Plaintiffs R.N., a minor, PENEUILA NUU; MATAUAO NUU; KIRISIMASI NUU; K.O., a minor