JOHN M. LUEBBERKE, City Attorney
State Bar No. 164893
TED DANIEL WOOD, Deputy City Attorney
State Bar No. 191768
BRYAN D. ROME, Deputy City Attorney
State Bar No. 292949
425 N. El Dorado Street, 2nd Floor
Stockton, CA  95202
Telephone: (209) 937-8333
Facsimile: (209) 937-8898

Attorneys for Defendants Eric Jones, John Griffin,
Jason Schaffer, Thomas Heslin, and James Manor

JOHN L. BURRIS, Esq., SBN 69888
BEN NISENBAUM, Esq. SBN 222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200 Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.T., a minor, by and through her guardian ad litem PENEUILA NUU, individually and as successor-in-interest to Decedent MATAUTU NUU; PENEUILA NUU; MATAUAO NUU; KARISIMASI NUU; K.O., a minor, by and through her guardian ad litem, DANIEL OJEDA,<br><br>      Plaintiffs,<br><br>vs.<br><br>ERIC JONES, individually, JOHN GRIFFIN, individually, JASON SCHAFFER, individually, THOMAS HESLIN, individually, JAMES MANOR, individually and, Stockton police officers DOES 1-25, inclusive,<br><br>      Defendants. | Case No. 2:15-CV-00430-GEB-KJN<br><br>**STIPULATION AND ORDER TO PROTECT CONFIDENTIAL INFORMATION**<br><br><br><br>Complaint Filed: February 24, 2015<br>Trial Date: October 18, 2016 |

///

///

1

STIPULATION AND ORDER TO PROTECT CONFIDENTIAL INFORMATION

**STIPULATION**

Plaintiffs R.T., a minor, by and through her guardian ad litem PENEUILA NUU, individually and as successor-in-interest to Decedent MATAUTU NUU; PENEUILA NUU; MATAUAO NUU; KARISIMASI NUU; K.O., a minor, by and through her guardian ad litem, DANIEL OJEDA and Defendants ERIC JONES, individually, JOHN GRIFFIN, individually, JASON SCHAFFER, individually, THOMAS HESLIN, individually, JAMES MANOR, by and through their undersigned counsel of record, and subject to the approval of the court, stipulate to the following Protective Order as set forth below:

1. In connection with any discovery proceedings in this action, the parties may agree or the Court may direct that any document, thing, material, testimony or other information derived therefrom, be designated as "Confidential" under the terms of this Stipulated Protective Order ("Order"). Confidential information is information which has not been made public and is privileged and confidential and protected from public disclosure under applicable Federal or California State laws.

2. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or documents derived in whole or in part from material designated as confidential ("confidential material") shall be used only for the purpose of the prosecution, defense, or settlement of this action (*R.T., et al. v. Eric Jones, et al.*, Case Number 2:15-CV-00430-GEB-KJN), and for no other purpose.

4. Confidential material produced pursuant to this Order may be disclosed or made available only to the court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel) and to the "qualified persons" designated below:

    a. Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

    b. Court reporters employed in this action;

    c. A witness at any deposition or proceedings in this action; and

    d. Any other person as to whom the parties in writing agree.

  Prior to receiving any confidential material, each "qualified person" shall be provided with a copy of this Order and shall execute a non-disclosure agreement in the form of Attachment A, a copy of which shall be maintained by the counsel who is providing the materials.

  5. The portion of any deposition in which confidential materials are discussed shall be taken only in the presence of qualified persons, as defined above.

  6. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential material as it deems appropriate.

  7. Receipt by any party of any confidential information does not constitute, nor is it to be construed to be, a waiver of any privilege or evidentiary objection, State or Federal.

  8. If confidential material, including any portion of a deposition transcript designated as confidential is included in any papers to be filed in court, such papers shall be labeled "CONFIDENTIAL-SUBJECT TO COURT ORDER" and filed under seal until further order of this court.  Each envelope containing confidential material shall be endorsed with the title and case number of this action, and indication of the nature of said sealed envelope, a legend "CONFIDENTIAL-DESIGNATED BY COUNSEL," and a statement substantially in the following form: "This envelope containing documents which are filed in this case is not to be opened, nor the contents thereof to be displayed or revealed except by order of the court." Except, however, that any papers served on counsel for the parties need not include separate sealed envelopes for confidential materials.

  9. This Order shall be without prejudice to the right of the parties 1) to bring before the court at any time the question of whether any particular document or information is confidential or whether its use shall be restricted; or 2) to present a motion to the court under

1  Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular
2  document or information, including restrictions different from those as specified herein. This
3  Order shall not be deemed to prejudice the parties in any way in any future application for
4  modification of this Order.

5      10.   Nothing in this Order nor the production of any information or document under
6  the terms of this Order nor any proceedings pursuant to this Order, shall be deemed to have the
7  effect of an admission or waiver of objections or privileges by either party or of altering the
8  confidentiality or non-confidentiality of any such document or information or altering any
9  existing right or obligation of any party or the absence thereof.

10      11.   This Order shall survive the final termination of this action, to the extent that the
11  information contained in confidential material is not or does not become known to the public and
12  the court shall retain jurisdiction to resolve any dispute concerning the use of information
13  disclosed hereunder.  Within ninety (90) days of the dismissal or entry of final judgment in this
14  action, whichever occurs first, each party shall return to the producing party all confidential
15  materials and any and all copies thereof.

16  **IT IS SO STIPULATED.**

17  Dated: September 11, 2015      JOHN M. LUEBBERKE
        CITY ATTORNEY
18
        By  */s/ Ted Daniel Wood*
19      TED DANIEL WOOD
        Deputy City Attorney
20      Attorneys for Defendants Jones, et al.

21  Dated: September 11, 2015      Respectfully submitted,

22      **LAW OFFICES OF JOHN L. BURRIS**

23
        By  */s/ Benjamin Nisenbaum*
24      BENJAMIN NISENBAUM, Esq.
        Attorneys for Plaintiffs
25

26

27

28

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED, EXCEPT THAT:

1. Paragraph 8 is DISAPPROVED. The designation of a particular document as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. The parties must comply with Local Rule 141 with respect to requests to seal documents.

2. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this protective order after the action is terminated. Any provision to the contrary in paragraph 11 is DISAPPROVED.

IT IS SO ORDERED.

Dated: September 17, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT A**

**<u>NON-DISCLOSURE AGREEMENT</u>**

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *R.T., et al. v. Eric Jones, et al.*, United States District Court for the Eastern District of California Case Number 2:15-CV-00430-GEB-KJN, and hereby agree to comply with and be bound by the terms and conditions of said Order, unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated:_____

_____

STIPULATION AND ORDER TO PROTECT CONFIDENTIAL INFORMATION